**LOCAL UNION NO. 444, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 17530.**

United States Court of Appeals
Seventh Circuit.

Jan. 19, 1970.

Roger J. Boylan, Horwitz, Anesi & Ozman, Chicago, Ill., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Allen H. Feldman, Robert Giannasi, Attys., N. L. R. B., Washington, D. C., for respondent.

Before DUFFY and HASTINGS, Senior Circuit Judges, and KERNER, Circuit Judge.

PER CURIAM.

This matter comes before us on the petition of local Union No. 444, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (Local 444) to review and set aside an order of the National Labor Relations Board issued on March 11, 1969 under Section 10(c) of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The Board has cross-petitioned for enforcement of its order.

From the record it appears that the Newberg Construction Co. (the Employer) was engaged in performing a construction project at Morris, Illinois. The work at this job was governed by a collective bargaining agreement to which Local 444 was a party. The Employer

**230**

was required to adhere to such agreement.

The bargaining agreement in relevant part provided: "It shall be the duty of the chief steward to see that all overtime is equally distributed among members of this Local." One Samuel M. Stoddard, a member of Local 444's sister local, applied for work at the union hiring hall. The next day, December 13, 1967, he was issued a work permit and began work, continuing until his employment was terminated on March 4, 1968. The circumstances surrounding Stoddard's work and the application to him of overtime work preference, all leading to the ultimate findings of the Board, are correctly set out in the Board's decision and are incorporated herein by reference.

Summarizing, the Board found that Local 444 violated Section 8(b) (1) (A) and (2) of the Act by maintaining and implementing an overtime preference plan which required the Employer to discriminate between employees in the assignment of overtime on the basis of their membership or lack of membership in Local 444. Further, the Board found that Local 444 violated Section 8(b) (1) (A) of the Act by its threat, through union steward Wicevic to employee Stoddard, that Stoddard would be discharged if he continued protesting and opposing its overtime preference plan. Finally, the Board found that Local 444 violated Section 8(b) (1) (A) and (2) of the Act by causing the Employer to discharge Stoddard for protesting and opposing the plan.

Based upon the oral argument of the parties and our consideration of the briefs and the record before us on this review, we conclude that the findings of the Board are supported by substantial evidence on the record as a whole. Universal Camera Corp. v. National Labor Relations Bd., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

We are in agreement with and adopt the decision and order of the Board reported at 174 NLRB No. 164, and on this authority we hold that the petition of Local 444 to review and set aside the Board's order be denied and that the Board's cross-petition for enforcement be granted.

Petition to Review and Set Aside Order Denied.

Enforcement Granted.